**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 28, 2007[*]
Decided July 3, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2899

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v*.<br><br>HARRY E. MILES,<br>    *Defendant-Appellant*. | Appeal from the United States<br>District Court for the Central<br>District of Illinois.<br><br>No. 05 CR 40051<br><br>Joe Billy McDade,<br>*Judge*. |

**O R D E R**

A jury found Harry Miles guilty of conspiracy to distribute and possess with the intent to distribute cocaine and methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), and possession with intent to distribute cocaine and methamphetamine, *id.* § 841(a)(1).  He was sentenced to a total of 360 months' imprisonment and five

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

years' supervised release. He appeals, proceeding *pro se* after representing himself at trial with the help of standby counsel.

Miles first argues that the district court lacked subject-matter jurisdiction over his prosecution because, he asserts, the statute authorizing federal district courts to hear criminal cases, 18 U.S.C. § 3231, was not passed by both the House of Representatives and the Senate in the same session of Congress. Miles's assertion is incorrect; in fact, the House passed the bill in the first session of the 80th Congress and the Senate in the second, with the House then voting to pass the Senate version. In any event, if the Speaker of the House and the President *pro tempore* of the Senate attest that a bill has been duly passed, the enrolled-bill rule prevents us from going behind the bill in the manner Miles proposes to evaluate whether the bill satisfied the constitutional requirement that it pass both houses of Congress. *Marshall Field & Co. v. Clark*, 143 U.S. 649, 672-73 (1892); *see Public Citizen v. U.S. District Ct.*, 2007 WL 1529482, at *8 (D.C. Cir. May 29, 2007). Once the presiding officer of each chamber certifies the bill, "its authentication as a bill that has passed Congress should be deemed complete and unimpeachable." *Marshall Field*, 143 U.S. at 672.

Miles raises another purported jurisdictional defect: he argues that the penalty provisions of 21 U.S.C. § 841 are "not law" because they were "repealed and not properly re-enacted into law." He contends that his convictions must be vacated because a statute that criminalizes conduct without assigning penalties is invalid. Notably, Miles provides no support for his assertion that Public Law 99-570 repealed rather than amended the penalty provisions, and indeed, the amendments to § 841 that he cites, contained in Title I, Subtitle A, of that legislation, do no such thing. *See* Narcotics Penalties and Enforcement Act of 1986, Pub. L. No. 99-570, §§ 1002, 1005, 100 Stat. 3207 (1986).

Finally, Miles contends that the district court violated the Speedy Trial Act, 18 U.S.C. §§ 3161-74, by improperly excluding certain days from counting toward the 70 days allotted between indictment and trial. *See id.* § 3161(c)(1). The government argues that Miles waived this contention by failing to develop it in his opening appellate brief, where the totality of his argument consists of one sentence incorporating by reference a separate memorandum of law located in a 114-page separate appendix. We have counseled litigants that it is unacceptable to present arguments by way of referring us to a brief or memorandum filed in the district court. *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998); *Prudential Ins. Co. v. Sipula*, 776 F.2d 157, 161 n.1 (7th Cir. 1985). The practice "unnecessarily confuses and diffuses the issues presented" and often violates the rules limiting the size of appellate briefs. *Sipula*, 776 F.2d at 161 n.1. Here, Miles's memorandum is not even a document he filed in the district court (though the argument is identical); it is simply a continuation of his brief camouflaged as an

"appendix."  Taken together, the documents exceed the word limit for appellate briefs by 1,669 words.  This is in spite of the fact that we denied the request that Miles filed in February for permission to file an oversized brief.  *United States v. Miles*, No. 06-2899 (7th Cir. Feb. 5, 2007).  Miles flouts our denial of that motion by attempting to incorporate a separate memorandum into his brief, and as a result, he has waived his speedy-trial argument.  His attempt to resuscitate the argument by discussing it in his reply brief is unavailing; arguments not developed in the opening brief are waived.  *E.g., United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir. 2006).

                                                                                                    AFFIRMED.